## GEORGE SCHOCHET AND ANOTHER v. GENERAL INSURANCE COMPANY OF AMERICA AND ANOTHER.[1]

March 17, 1939.

No. 31,985.

*Bowen, Best, Flanagan & Rogers,* for appellant.
*Sydney W. Goffstein,* for plaintiff-respondents.

LORING, JUSTICE.

This was a suit to recover a fire loss stipulated to be $1,056.43 on certain personal property contained in a building situated at 2163 Goodrich Avenue, St. Paul. On the face of the complaint the General Insurance Company had a policy of $3,000 covering fire loss to the property, and the Phoenix Insurance Company had one for $1,500. The trial resulted in a directed verdict for the plaintiff in the sum of $725.40 against the General Insurance Company and $361.71 against the Phoenix Insurance Company. The Phoenix concedes liability. The General comes here upon appeal from an order denying its blended motion for judgment or a new trial.

1Reported in 284 N. W. 886.

In its answer General admitted the loss as stipulated but set up as a defense that by the terms of its policy no other insurance was permitted on the property except such as might be indorsed upon its policy, and then pleaded the prior insurance by the Phoenix, which it alleged was not consented to by it. Upon the trial it sought to amend its answer by setting up that the policy which covered other risks and losses by fire was not to cover the fire risk as to plaintiff's personal property and that after appraisal a rider was to be attached to the policy excluding the fire risk and showing the extent of the coverage of other risks, and that no such appraisal was made prior to the loss. The trial court, after allowing the amendment and after General's refusal to elect between the two defenses, granted a motion vacating its order allowing the amendment.

The record, aside from the pleadings and the directed verdict, consists almost entirely of colloquy between the court and counsel for the respective parties during which it was admitted by General that its evidence would show that the Phoenix policy was delivered to its agent at the time he wrote the General policy. Consequently General wrote its policy with full knowledge of the existence and the coverage of the Phoenix policy, and General's policy covered by its terms fire risks as well as other risks.

General complains that the court erred in vacating its order permitting the amendment to its answer, but we think that the court was right in considering that the defenses were inconsistent. As well said by the trial court:

"Whenever a proof of one defense will disprove the other, then they are inconsistent and an election may be required."

Manifestly the two defenses were inconsistent. Proof of either disproved the other. The court rightly required an election. Upon General's refusal to elect, the court was justified in vacating its order allowing the amendment.

612

General also complains that on the basis of the pleadings the plaintiffs were not entitled to a directed verdict. In this, however, he ignores his admission made in open court.

The order appealed from is affirmed.

MR. JUSTICE HILTON, incapacitated by illness, took no part.